UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 01-cr-50061 |
| VERSUS | JUDGE WALTER |
| GLENN WAYNE KELLY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Glenn Wayne Kelly ("Kelly") was convicted of a federal crime and pursued a direct appeal, which ended when the Supreme Court denied a petition for writ of certiorari in 2002. Doc. 36. Kelly returned to this court in 2008 when he filed a motion styled as a "Motion for Clarification of Sentence Correction of Sentence" (Doc. 38) that asked the court to resentence him in a manner that would make his federal sentence run concurrently with a state court sentence.

Judge Walter denied the motion. Doc. 39. Kelly appealed. The Fifth Circuit held that "the motion should have been construed by the district court as a 28 U.S.C. § 2255 motion." The case was remanded for further proceedings in light of that holding, and with an observation that such a recharacterization of the motion has important consequences of which Kelly should be apprised. Judge Walter then referred the motion to the undersigned. Doc. 48.

The undersigned notified Kelly by order (Doc. 51) that the court would, if Kelly wished to continue pursuing the motion, treat the motion as one under Section 2255. Kelly was advised that this means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions. See 28 U.S.C. §§ 2244 and 2255(h). Kelly was also provided the opportunity to withdraw his motion or amend it so that it contains all the Section 2255 claims he believes he has. See Castro v. U.S., 124 S.Ct. 786, 792 (2003) (requiring such a warning when a motion is recharacterized). Kelly was also advised that it appeared his motion, once treated as a Section 2255 motion, would be untimely.

Kelly was allowed until August 23, 2010 to notify the court in writing that he wished to (1) withdraw his motion or (2) pursue his motion that has been recharacterized as a Section 2255 motion. Kelly was told that if he elected to pursue the motion, he must also file by that deadline any motion to amend his motion and add any additional Section 2255 claims. Kelly was further directed that, if he wished to pursue the motion, he must also file a memorandum and explain why the court should not deny his motion as untimely. The order warned: "If Kelly does not file anything by the deadline, the court will treat the motion as one under Section 2255, and the motion will likely be denied as untimely."

A copy of the order was mailed to Kelly at the federal prison in Texas where he had been housed. The mail was returned with an indication that Kelly had been transferred to a federal prison in Arkansas. The Clerk mailed the order to Kelly at his new address on August 9, 2010, which left two weeks before the August 23 deadline for Kelly to respond.

Those two weeks, plus more than one additional week, have passed, and Kelly has filed nothing in response to the order. Accordingly, as directed by the Fifth Circuit, the court will treat the motion as one under Section 2255. The next issue is timeliness.

There is a one-year period of limitation for the filing of Section 2255 motions. 28 U.S.C. § 2255(f). The statute provides that the period commences (subject to limited exceptions that are not applicable here) when the conviction becomes final, which in this case is when the Supreme Court denied certiorari in October 2002. See U.S. v. Thomas, 203 F.3d 350, 355 (5th Cir. 2000) (conviction became final for purposes of Section 2255 limitations when Supreme Court denied certiorari); U.S. v. Kirkham, 2010 WL 667439 (5th Cir. 2010) (same). Thus, Kelly's deadline to file a Section 2255 motion was in October 2003. Kelly did not file his motion until 2008, so the motion – now characterized as a Section 2255 motion – is untimely by several years. See Robinson v. U.S., 2009 WL 1395467 (N.D. Miss. 2009) (dismissing as untimely a recharacterized motion).

Accordingly,

**IT IS RECOMMENDED** that the Motion for Clarification of Sentence Correction of Sentence (Doc. 38), treated as a Section 2255 motion, be denied as untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court,

unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to another party's objections within **seven (7) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2255 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2255 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 2nd day of September, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE